IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD DEPASQUALE,
MICHELE DEPASQUALE,

    *Plaintiffs*,

    v.                               Civil Action No. ELH-15-00158

SW LINEAR INVESTMENT
GROUP, LLC,

    *Defendant*.

**MEMORANDUM**

In November 2014, plaintiffs Richard and Michele DePasquale filed suit in the Circuit Court for Baltimore City against defendant SW Linear Investment Group, LLC, alleging violations of Maryland law.  ECF 2 (Complaint).  Summons was returned executed on December 17, 2014.  ECF 4.  Defendant removed the case to this Court on January 20, 2015, asserting that this Court had diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  ECF 1 ¶ 7 (Notice of Removal).  The next day, January 21, 2014, plaintiffs filed a Motion to Remand (ECF 6), arguing that this Court lacks jurisdiction under 28 U.S.C. § 1332(a)(1) because plaintiffs do not seek more than $75,000 in damages.  ECF 6 at 2.[1]

On February 9, 2015, defendant filed a "Consent to Remand and Motion to Extend Time to Respond to Complaint."  ECF 8.  Defendant stated:  "[H]aving reviewed the Motion for Remand and the applicable authorities," defendant "consents to the remand of this matter to the Circuit Court."  *Id*. ¶ 1.  And, defendant has asked this Court to extend the deadline for its

---

[1] Although plaintiffs did not argue this in their Motion to Remand, it appears that defendant removed this case more than thirty days after service of summons upon the defendant, in violation of 28 U.S.C. § 1446(b).

response to plaintiff's Complaint "until ten days after this case is remanded to the Circuit Court." *Id.* ¶ 2.

Diversity jurisdiction requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between .... citizens of different States." 28 U.S.C. § 1332(a)(1).  In order to establish the amount in controversy for purposes of diversity, "the sum claimed by plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *accord Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007); *Joy Family Ltd. Partnership v. United Financial Banking Companies, Inc.*, ELH-12-03741, 2013 WL 4647321, at * 6 (D. Md. 2013); *see also Dow v. Jones*, 232 F. Supp. 2d 491, 497-98 (D. Md. 2002) ("It is well established that the sum claimed in the plaintiff's complaint determines the amount in controversy, barring bad faith or the legal impossibility of recovering such an amount.").

Of import here, in the context of actions removed from state court, the amount in controversy for jurisdictional purposes is determined at the time of removal.  *See, e.g., Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("[F]ederal jurisdiction [is] fixed at the time ... [the] notice of removal is filed."); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 289-90; *Francis v. Allstate Ins. Co.*, 869 F. Supp. 2d 663, 667-68 (D. Md. 2012) ("If, at [the time of removal], the parties are citizens of different states and the amount in controversy exceeds $75,000, the Court has jurisdiction on the basis of diversity 'regardless of later changes in ... the amount in controversy.'") (quoting *Porsche Cars North America, Inc. v. Porsche.net*, 302 F.3d 248, 255-56 (4th Cir. 2002)); *Vinson v. Bank of America, N.A.*, RWT-10-02703, 2011 WL 1326058, at *2 (D.

Md. Apr. 4, 2011) ("[B]ecause the parties are admittedly diverse and the amount in controversy at the time of removal exceeded $75,000, this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332."); *Floyd v. Yanonis*, DKC-09-02310, 2009 WL 3231627, at * 1 (D. Md. Oct. 5, 2009) (denying motion to remand and observing that "at the time the complaint was filed and at the time of removal, the amount in controversy exceeded the statutory amount").

Notably, "the Supreme Court has held that a plaintiff with a claim potentially exceeding $75,000 'may resort to the expedient of suing for less than the jurisdictional amount, and though [the plaintiff] would justly be entitled to more, the defendant cannot remove.'" *Mary L. Martin, Ltd. v. State Auto Property and Cas. Ins. Co.*, RDB-13-01089, 2013 WL 2181206, at * 2 (D. Md. May 17, 2013) (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 294). But, in general, "a court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." *Porsche Cars North America*, 302 F.3d at 255-56 (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)) (further stating that "it is black-letter law that the conditions that create diversity jurisdiction ... need not survive through the life of the litigation"); *see*, *e.g.*, *Freeport-McMoRan, Inc.*, 498 U.S. at 428 (stating Supreme Court has "consistently held that if [diversity] jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events").

In their Motion to Remand, plaintiffs argue: "The Plaintiffs' well pled complaint stipulates that they are seeking no greater than $70,000.00 for all claims, costs, and attorneys [sic] fees claimed in this action." ECF 6 at 2. They point to the Complaint, which states in relevant part, ECF 2 ¶¶ 55, 65 (emphasis added):

> Plaintiffs … respectfully request that the Court enter judgment pursuant to the [Maryland Consumer Protection Act] and [Maryland Consumer Debt Collection Practices Act] in their favor of Plaintiff and against [defendant] for actual damages and losses (including economic and non-economic) in a sum of no more than $70,000 *inclusive of all claims, costs, and attorneys [sic] fees asserted herein* … .
>
> ***
>
> Plaintiffs … respectfully request that the Court enter judgment pursuant to the [Maryland Mortgage Fraud Protection Act] in their favor of Plaintiff and against [defendant] for actual damages and losses (including economic and non-economic) in a sum of no more than $70,000 *inclusive of all claims, costs, and attorneys* [sic] *fees asserted herein* … .

Plaintiffs also note that Maryland State court rules require any pleading seeking more than $75,000 in damages to expressly state that the amount in controversy exceeds $75,000 in the pleading.  Maryland Rule 2-305 (2013) states (emphasis added):

> A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain a clear statement of the facts necessary to constitute a cause of action and a demand for judgment for the relief sought.  Unless otherwise required by law, (a) a demand for a money judgment that does not exceed $75,000 shall include the amount of damages sought, and (b) *a demand for a money judgment that exceeds $75,000 shall not specify the amount sought, but shall include a general statement that the amount sought exceeds $75,000*.  Relief in the alternative or of several different types may be demanded.

Thus, the fact that plaintiffs' Complaint does not include "a general statement that the amount sought exceeds $75,000," *see* Md. Rule 2-305, is further evidence that plaintiffs are not seeking an amount in excess of $75,000.

I am persuaded that this Court lacks jurisdiction under 28 U.S.C. § 1332(a)(1) because, per plaintiffs' Complaint, the amount in controversy does not exceed $75,000.  Therefore, I must remand the case to the Circuit Court for Baltimore City.  *See* 14 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

- 4 -

In light of the foregoing, and with defendant's consent, plaintiffs' Motion to Remand (ECF 6) will be GRANTED.   But, defendant's request for extension of time (ECF 8) will be DENIED.   This is because defendant's deadline to respond is now a matter for the Circuit Court's consideration.

A separate Order follows, consistent with this Memorandum.


Date: February 10, 2015                    _____/s/_____
                                           Ellen Lipton Hollander
                                           United States District Judge